UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WHITE COAT WASTE PROJECT,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>*Defendant*. | Civil Action No. 22-cv-3427 |

## ANSWER

Defendant, the United States Department of Health and Human Services ("HHS") by and through undersigned counsel, hereby submits this Answer to the Complaint, ECF No. 1, filed against Defendant by Plaintiff, White Coast Waste Project in this Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") action.

## RESPONSES

Defendant responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendant responds to the Complaint in like number paragraphs as follows:

1.   This paragraph contains Plaintiff's characterization of this action to which no response is required.

1

## JURISDICTION AND VENUE[1]

2. Defendant admits that this Court has subject matter and personal jurisdiction subject to its terms and limitations under FOIA.

3. Defendant admits that venue is proper in this district for this action.

## PARTIES

4. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

5. HHS admits that it is an agency and that the National Institutes of Health and the National Institute of Allergy and Infectious Diseases are components of HHS. The remainder of this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny these remaining allegations.

## STATEMENT OF FACTS

*WCW's FOIA Request No. 57304*

6. Defendant denies that NIH received from Plaintiff a FOIA request dated November 11, 2021 and avers the request was dated November 3, 2021. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of that request to which no response is required. Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents.

7. Defendant admits that NIH sent an automated response to Plaintiff regarding the November 3, 2021 request. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of that automated response to which no response is required. Defendant

---

[1] For ease of reference, Defendant' Answer replicates the headings and titles contained in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

respectfully refers the Court to that automated response for a complete and accurate statement of its contents.

8. Defendant admits that NIH received from Plaintiff an email dated April 21, 2022 regarding the November 3, 2021 request. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of that email to which no response is required. Defendant respectfully refers the Court to that email for a complete and accurate statement of its contents.

9. Defendant admits that NIH responded to Plaintiff's April 21 email via email dated April 25, 2022. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of the April 25 email to which no response is required. Defendant respectfully refers the Court to the April 25 email for a complete and accurate statement of its contents.

10. Defendant admits that NIH received from Plaintiff an email dated April 29, 2022. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of the April 29 email to which no response is required. Defendant respectfully refers the Court to the April 29 email for a complete and accurate statement of its contents.

11. Defendant admits that NIH has had no further contact with Plaintiff.

12. Defendant admits that NIH has had no further contact with Plaintiff.

13. This paragraph contains legal conclusions to which no response is required.

14. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies.

*WCW's FOIA Request No. 57423*

15. Defendant admits that NIH received from Plaintiff a FOIA request dated November 24, 2021. The remainder of the allegations in this paragraph consist of Plaintiff's characterization

of that request to which no response is required. Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents.

16. The allegations in this paragraph consist of Plaintiff's characterization of the November 24 request to which no response is required. Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents.

17. Defendant admits that NIH requested clarification from Plaintiff on November 29, 2021. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of that clarification request to which no response is required. Defendant respectfully refers the Court to the clarification request for a complete and accurate statement of its contents.

18. Defendant admits that NIH received a response from Plaintiff on November 30, 2021. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of the November 30 response to which no response is required. Defendant respectfully refers the Court to the November 30 response for a complete and accurate statement of its contents.

19. Defendant admits that NIH corresponded with Plaintiff and that Plaintiff agreed to amend the request on December 9, 2021. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of the December 9 amendment to which no response is required. Defendant respectfully refers the Court to the December 9 amendment for a complete and accurate statement of its contents.

20. Defendant admits that NIH has had no further contact with Plaintiff.

21. Defendant admits that NIH has had no further contact with Plaintiff.

22. This paragraph contains legal conclusions to which no response is required.

23. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies.

*WCW's FOIA Request No. 58295*

24. Defendant admits that NIAID received from Plaintiff a FOIA request dated May 5, 2022. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of that request to which no response is required. Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents.

25. Defendant admits that NIAID acknowledged Plaintiff's May 5 request via email dated May 13, 2022. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of the May 13 email to which no response is required. Defendant respectfully refers the Court to the May 13 email for a complete and accurate statement of its contents.

26. Defendant admits that NIAID has had no further contact with Plaintiff.

27. Defendant admits that NIAID has had no further contact with Plaintiff.

28. This paragraph contains legal conclusions to which no response is required.

29. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies.

**Count 1: Violation of FOIA**

30. Defendant incorporates its responses to paragraphs above as if stated herein.

31. Defendant denies the allegations in this paragraph.

32. This paragraph contains legal conclusions to which no response is required.

33. Defendant denies the allegations in this paragraph.

34. Defendant denies the allegations in this paragraph.

The final paragraph beginning with "WHEREFORE" contains Plaintiff's prayer for relief, to which no answer is required. To the extent a response is required, Defendant denies the allegations

contained in this paragraph and deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## DEFENSES

Defendant allege the following additional defenses to the Complaint. In asserting these defenses, Defendant do not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiffs. Defendant reserve the right to amend, alter, and supplement the defenses contained in this Answer as facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation.

### FIRST DEFENSE

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions enumerated in the FOIA, 5 U.S.C. § 552(b), where disclosure would cause foreseeable harm.

### SECOND DEFENSE

The Court lacks subject matter jurisdiction to the extent Plaintiffs' request for relief exceeds the relief authorized under FOIA. 5 U.S.C. § 552.

### THIRD DEFENSE

This Court lacks subject matter jurisdiction over any claims arising from Plaintiff's FOIA requests that it failed to exhaust at the administrative level.

### FOURTH DEFENSE

Plaintiff is not entitled to declaratory relief. 5 U.S.C. § 552(a)(4)(B).

### FIFTH DEFENSE

Plaintiff is not eligible for nor entitled to attorneys' fees and costs.

## SIXTH DEFENSE

Defendant's actions or inactions did not violate FOIA or any other statutory or regulatory provisions.

Dated: January 31, 2023
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar. #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: \_\_\_\_/s/\_\_\_\_
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
601 D Street, N.W. B Civil Division
Washington, D.C.  20530
Telephone: (202) 252-2562

*Attorneys for Defendant*